UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.W., *et al.*,

    Plaintiffs,

                                    Case No. 13-12415
                                    HON. GERSHWIN A. DRAIN

v.

BLANCHE KELSO BRUCE
ACADEMY, *et al.*,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS DETROIT PUBLIC SCHOOLS AND ROY ROBERTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [#30]**

**I.    INTRODUCTION**

On June 3, 2013, Plaintiffs filed the instant action alleging that Defendants violated Title IX of the Education Amendments of 1972 ("Title IX") and the Michigan Elliott Larsen Civil Rights Act ("MELCRA"). Presently before the Court is Defendants Detroit Public Schools ("DPS") and Roy Roberts' ("Roberts") Motion to Dismiss Plaintiffs' Complaint [#30], submitted on October 24, 2013. No response was filed by the Plaintiffs' and the time for responding expired on November 21, 2013. The hearing set for January 13, 2014 is cancelled. *See* E.D. Mich L.R. 7.1.(f)(2).

For the reasons that follow, the Court will GRANT Defendants DPS and Roberts' Motion [#30].

## II.     FACTUAL BACKGROUND

This lawsuit arises out of DPS's 2011 decision to close down several of its schools, including the Catherine Ferguson Academy ("CFA"). CFA provided education and training to pregnant teens and young mothers. After DPS closed CFA, it entered into a lease agreement with Blanche Kelso Bruce Academy ("BKBA"), a Michigan non-profit corporation chartered by Wayne County Regional Education Agency ("Wayne RESA"). DPS worked with Defendants Wayne RESA and BKBA to enroll the displaced students from CFA into BKBA.

Plaintiffs argue that DPS and DPS's Emergency Manager Roberts violated Title IX and MELCRA by discriminating against CFA students based on their gender. DPS and Roberts maintain that they should be dismissed from the present action.

## III.    LEGAL ANALYSIS

DPS and Roberts argue that they should be dismissed from this matter for several reasons. First, Title IX claims may not be asserted against school officials in their official capacities because the real party in interest is the school district. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), *see Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009), *see also Sopper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999).

Second, Plaintiffs' proposed claims do not make any allegation that DPS is, pursuant to 20 U.S.C. § 1682, an "appropriate person" with authority to take corrective action to end the alleged discrimination within the School District or the institution responsible for providing the educational opportunities during the relevant time frame under MELCRA.

Liability can only be placed on the institution providing the education - in this case Defendants Wayne RESA and BKBA. "A recipient of federal funds may be liable in damages under Title IX only for its own misconduct." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 640-41 (1999). Once Plaintiffs enrolled in the BKBA school district, DPS's obligation to provide educational services ceased.

Moreover, Plaintiffs admit that Wayne-RESA was responsible for establishing a contract with BKBA that ensured the proper placement and equal treatment of pregnant and parenting teens and for complying with all federal statutes while doing so. Consequently, Plaintiffs cannot raise a claim in regards to any educational occurrences over the last two years against DPS.

Finally, Plaintiffs fail to offer sufficient facts to show that DPS is not protected under the Eleventh Amendment or qualified governmental immunity. The Eleventh Amendment has been interpreted to prohibit states from being sued in federal court over state-law claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The Sixth Circuit has routinely upheld the principle that the Eleventh Amendment immunizes state agencies from being sued under state law in federal court. *See McCormick v. Miami Univ.*, 693 F.3d 54, 664 (6th Cir. 2012). "Lawsuits for monetary damages or retrospective relief against state officials acting in their official capacity are suits against the state, and as such, are barred in federal court by the Eleventh Amendment." *Heiki v. Guevara*, 654 F. Supp. 2d 658, 670 (E.D. Mich. 2009).

Additionally, the Eleventh Amendment generally extends immunity to state officials from suit in federal court that concern official actions. *California v. Deep Sea Research*, 523

U.S. 491, 502 (1998). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The only exception to immunity under the Eleventh Amendment is when a claim challenges the constitutionality of actions against state officials and seeks only prospective, non-monetary damages, such as an injunction. *Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002).

**IV. CONCLUSION**

IT IS ORDERED that Defendants DPS and Roberts' Motion to Dismiss Plaintiffs' Complaint [#30] is GRANTED.

SO ORDERED.

Dated: January 2, 2014 /s/ Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 2, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk