UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.W. by her next friend
TONITA WHITE CROSBY, *et. al.*,

      Plaintiffs,

vs.

Case No. 12-12415
HON. GERSHWIN A. DRAIN

BLANCHE KELSO BRUCE
ACADEMY, *et. al.*,

      Defendants.
_____/

**ORDER GRANTING DEFENDANT BLAIR EVANS' MOTION TO DISMISS [#40]**

**I.   INTRODUCTION**

Presently before the Court is Defendant Blair Evans' ("Evans") Motion to Dismiss [#40], filed on November 22, 2013. No response has been filed as of today, February 11, 2014, and Plaintiffs' response was due back in December of last year. The hearing scheduled for February 18, 2014 at 2:00 p.m. is cancelled. *See* E.D. Mich. L.R. 7.1(f)(2). Evans' Motion to Dismiss is GRANTED.

**II.   FACTUAL BACKGROUND**

On June 3, 2013, Plaintiffs filed the instant action alleging that Defendants violated Title IX of the Education Amendments of 1972 ("Title IX") and the Michigan Elliott Larsen Civil Rights Act ("MELCRA"). On October 29, 2013, this Court granted Plaintiffs' Motion to File a First Amended Complaint [#32]. Plaintiffs subsequently filed a First Amended Complaint [#33] on November 5, 2013, in which Evans was no longer identified as a party

and no claims were alleged against him. Defendants contacted Plaintiffs twice, asking them to stipulate to the dismissal of Evans. Plaintiffs did not respond, causing Evans to file the instant Motion.

## III. LEGAL ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland*, 502 F.3d at 548. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.*

### B. Plaintiffs Fail to State a Claim Against Evans Upon Which Relief Can Be Granted

Plaintiffs' First Amended Complaint does not state a claim against Evans upon which relief can be granted. Moreover, Plaintiffs' First Amended Complaint fails to identify Evans as a party or state any claims against him. "When a party files an amended pleading, the amended pleading supersedes all those that came before." *Specialized Pharmacy Services, LLC v. Magnum Health and Rehab of Adrian, LLC*, No. 12-12785, 2012 WL 6212707, *1 (E.D. Mich. Dec. 13, 2012). "The original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." *Id.* Therefore, Plaintiffs' First Amended Complaint superseded their original complaint. Because Plaintiffs' First Amended Complaint fails to identify Evans as a party or allege any claims against him, it is proper for this Court to grant Evans' Motion and dismiss him as a party to this case.

### IV. CONCLUSION

This Court finds Evans' arguments meritorious. It is Ordered that Defendant Evans'

Motion to Dismiss [#40] is GRANTED.

    SO ORDERED.

Dated: February 11, 2014                                    s/Gershwin A Drain
                                                                        GERSHWIN A. DRAIN
                                                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 11, 2014, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk